**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**FRANK G. MELTON,**
 **Petitioner,**

**v.**                                                       **Case No. 5:09cv293/SPM/MD**

**STATE OF FLORIDA**
 **Respondent.**
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), and petitioner's motion to transfer his petition, pursuant to 28 U.S.C. § 1631, to the United States Court of Appeals for the Eleventh Circuit (doc. 14). In support of his motion, petitioner states that the instant petition is a "second or successive" habeas corpus application; that he must therefore obtain an order from the Eleventh Circuit authorizing this court to consider the petition; and that transfer rather than dismissal is warranted (doc. 14). After careful consideration, it is the opinion of the undersigned that this case should be dismissed rather than transferred.

## BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2004, petitioner was found guilty by jury verdict of principal to home invasion robbery with a firearm in the Circuit Court of Bay County, Florida. (Doc. 1, pp. 1-2). He was sentenced to fifteen years imprisonment. (*Id.*).

On December 4, 2006, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. The case was assigned Case Number

**3:06cv545/MCR/EMT.**[1]     Petitioner challenged his conviction on grounds of insufficient evidence and ineffective assistance of counsel.   (Case Number 3:06cv545, Doc. 1).  The State responded.  (*Id.*, Doc.  11).  On July 31, 2007, the magistrate judge entered a Report and Recommendation recommending that the petition be denied on the merits.  (*Id.*, Doc. 15).  The district judge adopted the Report and Recommendation on October 4, 2007. (*Id.*, Doc. 19).  Petitioner did not seek a  certificate of appealability.

Almost two years later, on August 24, 2009 petitioner filed the instant § 2254 petition.  The petition challenges the same conviction and sentence on the grounds that the jury instructions were confusing, there was insufficient evidence that petitioner possessed a firearm, and that he was wrongly convicted as a principal. (Doc. 1).  Petitioner admits that the instant petition is a "second or successive" application within the meaning of 28 U.S.C. § 2244.  (Doc. 14).


## DISCUSSION

**"Second or Successive" Habeas Corpus Application**

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also* Rule 9, Rules Governing Section 2254 Cases (2005); *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).  A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by an appellate court.  *Burton*, 127 S.Ct. at 796, 799 (holding that district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain

---

[1]The court takes judicial notice of its own records in *Melton v. McDonough*, Case Number 3:06cv545/MCR/EMT.

order authorizing him to file second petition); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002); *Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir. 1997).

The instant application is second or successive, and the record establishes that petitioner has failed to obtain the requisite authorization from the Eleventh Circuit in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.

## Transfer versus Dismissal

Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

On its face, this "second or successive" habeas corpus application appears barred by the one year statute of limitations provided by 28 U.S.C. § 2244. Thus, it does not appear that the interest of justice warrants a direct transfer of the case to the Eleventh Circuit. *See generally Guenther v. Holt*, 173 F.3d 1328 (11th Cir. 1999).

## Certificate of Appealability

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595,

**1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.**

**The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.**

**Accordingly, it is respectfully RECOMMENDED:**

**1. That petitioner's motion to transfer this case to the Eleventh Circuit (doc. 14) be DENIED.**

**2. That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE.**

**3. That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.**

**4. That a certificate of appealability be DENIED.**

**At Pensacola, Florida this 13th day of January, 2010.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**